UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NICOLE D. BOYD, ) | CASE NO. 4:09cv729 |
| ) | 4:07cr618 |
| Petitioner, ) | |
| ) | JUDGE JOHN R. ADAMS |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Respondent. ) | **ORDER** |
| ) | |
| ) | |

On March 31, 2009, Petitioner Nicole Boyd ("Petitioner") filed a pro se motion under 28 U.S.C. § 2255 ("Motion") to vacate, set aside or correct her sentence. On April 2, 2009, Respondent United States of America filed a response in opposition to the Motion. For the following reasons, the Court DENIES Petitioner's Motion.

I. Factual and procedural background

On March 7, 2008, Petitioner, who was represented by counsel, pled guilty to larceny of federally insured bank money, conspiracy to transport federally insured bank funds in interstate transport, and interstate transport of stolen money in excess of $5,000. She was sentenced to 60 months' imprisonment on July 23, 2008. Plaintiff did not file an appeal of her sentence. On

October 9, 2008, Petitioner filed a motion to withdraw her guilty plea, which was denied by the Court on February 12, 2009.

Petitioner now contends that she was under duress during the commission of the crimes and when she entered her plea.  She raises four grounds for relief, as follows: (1) ineffective assistance of counsel; (2) duress at the time of the commission of the crime; (3) undue influence exercised by Petitioner's co-defendant; and (4) ineffective assistance of counsel leading to Petitioner's signing the guilty plea in bad faith.

**II.     Legal standard**

Under 28 U.S.C. § 2255, a federal inmate is provided with a means of collaterally attacking his conviction or sentence.  *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999).  Motions brought under § 2255 are the sole means by which a federal prisoner can collaterally attack a conviction or sentence that he alleges to be in violation of federal law.  *See Davis v. United States*, 417 U.S. 333 (1974); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979).

Section 2255 sets forth four grounds upon which federal prisoners may ordinarily challenge their conviction or sentence: "(1) that the sentence was imposed in violation of the Constitution or laws of the United States, (2) that the court was without jurisdiction to impose such sentence, (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to collateral attack." *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (quoting 28 U.S.C. § 2255) (internal quotation marks omitted).  Motions to vacate, set aside or correct a sentence pursuant to § 2255 must be filed in the trial court that sentenced the movant. 28 U.S.C. § 2255(a); *Gregory*, 181 F.3d at 714.

A petitioner seeking to vacate, set aside or correct a sentence under § 2255 "has the burden of sustaining his contentions by a preponderance of the evidence." *Wright v. United*

*States*, 624 F.2d 557, 558 (5th Cir. 1980).  In order to prevail on a § 2255 motion alleging constitutional error, the petitioner must establish that an error of constitutional magnitude occurred that had a substantial and injurious effect or influence on the proceedings.  *McNeil v. United States*, 72 F. Supp. 2d 801, 803 (N.D. Ohio 1999) (citing *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999)).  In order to prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."  *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill*, 368 U.S. at 428).  Non-constitutional errors are generally not cognizable on collateral review.  *McNeil*, 72 F. Supp. 2d at 805 (citing *Grant v. United* States, 72 F.3d 503, 506 (6th Cir. 1996)).  Accordingly, courts rarely grant relief with respect to non-constitutional errors.  *Grant*, 72 F.3d at 506.

A guilty plea by a petitioner "'forecloses his ability to raise any constitutional claims arising prior to its entry.'"  *McNeil*, 72 F. Supp. 2d at 808 (quoting *Lane v. United States*, 65 F. Supp. 2d 587, 589 (E.D. Mich. 1999)). When a petitioner seeks to challenge his sentence, the inquiry focuses on whether the petitioner made a voluntary and informed plea, not on whether a constitutional infirmity existed prior to the plea.  *Tollett v. Henderson*, 411 U.S. 258, 266 (1973). A guilty plea by the petitioner acts as a break in the chain of events in criminal proceedings.  *Id*. at 267.  Once a criminal defendant admits in open court that he is guilty of the charged offenses, the only avenue available for him to attack his guilty plea is to prove the ineffective assistance of his counsel.  *Id.*

The Sixth Circuit has held that ineffective assistance of counsel claims are subject to review in the district court when timely raised in a petitioner's § 2255 motion.  *Hughes v. United*

3

*States*, 258 F.3d 453, 457 n.2 (6th Cir. 2001).  In order to prevail on this type of claim, Petitioner bears the burden of showing that counsel's performance fell below an objective standard of reasonableness and counsel's ineffectiveness prejudiced Petitioner's defense so as to deprive him of his right to a fair trial whose result is reliable.  *Strickland v. Washington*, 466 U.S. 668 (1984).  "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that render the result unreliable."  *Id.* at 687.

To demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id*. at 694.  Court scrutiny of defense counsel's performance must be "highly deferential."  *Id.* at 689.  Decisions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel.  *Id*. (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Further, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment."  *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (quoting *Smith v. Jago*, 888 F.2d 399, 404 (6th Cir. 1989)).  "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won."  *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (citing *Strickland*, 466 U.S. at 694).  When the question before a court is whether a plea was voluntarily entered, or whether instead it was the result of counsel's ineffective assistance, a defendant demonstrates prejudice by showing that "there is a reasonable probability that, but for counsel's errors, he would not

4

have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

**III.     Analysis**

Petitioner makes a series of arguments regarding the voluntariness of her plea and the effectiveness of counsel in advising her regarding her plea. The Court will address each in turn.

    **1.     Ineffective assistance of counsel**

Petitioner claims that she was under duress at the time she committed the crimes in question, and that her counsel repeatedly discouraged her from informing the Court of that duress. She claims that she signed the plea agreement and pled guilty in order to avoid the maximum sentence, but that she did so all the time desiring to tell the Court that she acted under duress initially. Further, she claims that she desired to appeal her sentence but was discouraged from doing so by her counsel. According to Petitioner, this amounted to a clear violation of her Sixth Amendment right to counsel.

As set forth above, in order to demonstrate ineffective assistance of counsel, a petitioner must show not only that counsel's assistance was ineffective, but also that the ineffectiveness resulted in prejudice, namely the entry of a guilty plea that the petitioner would not otherwise have entered. *Strickland*, 466 U.S. at 687; *Hill*, 474 U.S. at 59. Petitioner has made no actual showing of prejudice.

The only evidence Petitioner can produce that she discussed an appeal with her counsel actually indicates that the discussion did not occur until well after the ten-day deadline for appeal had passed. She makes no effort to demonstrate excusable neglect.

In addition, while Petitioner argues that she was under duress during the commission of the crime, she makes no showing or argument that such duress influenced her plea. To the extent

that this argument centers on conduct or events arising prior to the entry of her plea, she is foreclosed from making it. *See McNeil*, 72 F. Supp. 2d at 808. If, instead, this claim centers upon the effectiveness of counsel, Petitioner has made no actual showing either that counsel was ineffective or that Petitioner was prejudiced. Furthermore, the Court took into account in calculating her sentence the influence exercised over Petitioner by her co-defendant—her boyfriend at the time—during the commission of the crimes. *See* Sent. Mem., Doc. 63 at 9.

To the extent that Petitioner's argument challenges the Court's application and calculation of the Sentencing Guidelines, no such argument can be made without Petitioner's having first raised it on direct appeal. *See Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). As Petitioner has not demonstrated any cause for failing to file a direct appeal, and, in not filing a direct appeal, she has not challenged the guideline calculation appropriately, no such argument can succeed in her habeas petition.

### 2. Duress

Petitioner next argues, as a distinct ground for relief, that she was under duress at the time she committed these crimes. As the Government properly notes in its Opposition, Petitioner's explanation of the duress she faced is an attempt to justify her actions rather than a basis for the vacation of her sentence.

Setting aside for a moment the question of whether this argument is properly raised in a § 2255 petition after a guilty plea, the Court would note initially that Petitioner has failed to demonstrate duress. In order to make out a prima facie case of duress, a defendant must be able to offer some evidence in support of the following elements:

> (1) that defendant was under an unlawful and present, imminent, and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury;

(2) that the defendant had not recklessly or negligently placed himself in a situation in which it was probable that he would be forced to choose the criminal conduct;

(3) *that the defendant had no reasonable, legal alternative to violating the law, a chance both to refuse to do the criminal act and also to avoid the threatened harm;*

(4) that a direct causal relationship may be reasonably anticipated between the criminal action taken and the avoidance of the threatened harm;

(5) that defendant did not maintain the illegal conduct any longer than absolutely necessary.

*United States v. Johnson*, 416 F.3d 464, 468 (6th Cir. 2005) (quoting *United States v. Riffe*, 28 F.3d 565, 569 (6th Cir. 1994)) (emphasis in original).

Assuming that this is a properly raised ineffective assistance claim and that therefore this is the proper forum for such an argument, Petitioner fails to provide evidence in support of the elements set forth above. In particular, Petitioner has not demonstrated that she had no reasonable alternative to violating the law. Furthermore, as indicated above, the Court took into account during the sentencing the fact that Petitioner's co-defendant had influence over her and encouraged her actions.

### 3. Undue influence

Petitioner next argues that her co-defendant may have misled her as to the need to commit the robbery. This argument has no apparent connection to her counsel's effectiveness, which is the only avenue for relief after a guilty plea. *See Tollett*, 411 U.S. at 266 (after a guilty plea, a petitioner's only means of challenging a sentence in a habeas petition is to demonstrate the ineffectiveness of counsel).

### 4. Guilty plea signed in bad faith

7

In her last ground for relief, Petitioner claims that her counsel was ineffective in that he dissuaded her from telling the truth to the Court about the conditions surrounding her commission of the crime, and persuaded her to sign the guilty plea against her better judgment. She claims that she believed counsel's advice simply because he was an attorney and she had no experience with the legal system.

Even if this were true, the Court clearly explained to Petitioner in its colloquy during the course of the plea hearing that she was not required to plead guilty and that she could proceed to trial, where the burden would be on the Government to prove her guilt.  Petitioner has in no way demonstrated prejudice, even if her allegations regarding counsel's advice were deficient, which this Court does not find it to be.

**IV.    Conclusion**

For the reasons set forth above, Petitioner has failed to demonstrate any error in the prior proceedings.  Petitioner's motion, therefore, is not well taken and is hereby DENIED.

IT IS SO ORDERED.

DATED:  January 7, 2010              */s/ John R. Adams*_____
                                                        Judge John R. Adams
                                                        UNITED STATES DISTRICT COURT